JOHN V. CARR & SON, INC. *v.* UNITED STATES

No. 7874.

Entry Nos. 8352; 6393; 8643.

(Decided August 29, 1950)

*John C. Ray* for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

MOLLISON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED subject to the approval of the Court that the cost of manufacturing and producing merchandise such as or similar to the particular merchandise involved herein, to wit: #11, 900 lbs. cream separators, at a time preceding the dates of exportation which would ordinarily permit the manufacture or production of merchandise such as or similar to particular merchandise under consideration in the usual course of business, is as follows:

1. The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing such and similar merchandise is, Canadian _____ $73. 79

2. The usual general expenses in the manufacture of such merchandise_____ 9. 71

3. The cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the particular merchandise under consideration in condition, packed ready for shipment to the United States _____ 3. 90

4. Profit equal to the profit ordinarily added by manufacturers who are engaged in the manufacture of merchandise of the same class or kind__ 6. 99

TOTAL (Canadian) _____ $94. 39

IT IS FURTHER STIPULATED AND AGREED that such or similar merchandise is not freely offered for sale for home consumption nor for export to the United States, nor is such merchandise freely offered for sale, packed ready for delivery in the principal market of the United States.

IT IS FURTHER AGREED that this case may be submitted under the foregoing stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the #11 900-pound cream separators here involved, and that such value was 94.39 Canadian dollars each.

Judgment will be rendered accordingly.